Opinion issued March 31, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00987-CV

———————————

**KAREN KRISTINE SILVIO, Appellant**

**V.**

**JO LYNN BOGGAN, Appellee**

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 370,090**

---

## MEMORANDUM OPINION

Appellant, Karen Kristine Silvio, attempts to appeal from the trial court's "Order Denying Defendant the time necessary time [sic] to hire Legal Representation in Accordance to Tex. R. Civ. P. 252, which was denied on November 18, 2014." We dismiss the appeal.

Appellant filed a notice of appeal in the trial court on December 8, 2014. On December 10, 2014, the trial court clerk filed a letter of assignment in this Court, stating that no judgment has been signed in this case. Further, on January 5, 2014, the trial court clerk notified this Court that the trial court clerk was "in receipt of the notice of appeal, dated December 8, 2014[,] filed by Karen Kristine Silvio" and that "no order or judgment has been filed or signed regarding this matter."

On February 26, 2015, the Clerk of this Court issued a Notice informing appellant that this appeal may be dismissed for want of jurisdiction unless appellant filed a response within 10 days of the date of the Notice explaining how this Court had jurisdiction over this appeal. Appellant did not adequately respond to the Notice.

Because "no order or judgment has been filed or signed regarding this matter," there is no final order or judgment from which appellant may appeal. *See, e.g.*, *Broussard v. Bank of N.Y.*, No. 01-14-00214-CV, 2014 WL 3887720, at *1 (Tex. App.—Houston [1st Dist.] Aug. 7, 2014, no pet.) (mem. op.); *Crum v. State*, No. 04-13-00731-CR, 2013 WL 6210245, at *1 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication). Further, even if there was an order, we lack jurisdiction over immediate appeals from interlocutory orders unless jurisdiction has been expressly provided by statute, and an order denying appellant "the time necessary . . . to hire Legal Representation in

2

Accordance to Tex. R. Civ. P. 252" is not an interlocutory order for which a statute has expressly authorized an appeal. *See Broussard*, 2014 WL 3887720, at *1; *Crum*, 2013 WL 6210245, at *1.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. CIV. P. 42.3(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.